DEL HARDY, ESQ.
State Bar No. 1172
STEPHANIE RICE, ESQ.
State Bar No. 11627
HARDY LAW GROUP
96 & 98 Winter Street
Reno, NV 89503
(775) 786-5800
Del@Hardylawgroup.com
Stephanie@Hardylawgroup.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NAPLES POLARIS, LLC, a Nevada Limited Liability Company,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>VAL PETERSON, and individual; EUGENE CLEVELAND CANEPA, an individual; and WESTERN PROPERTIES OF NEVADA, LLC, a Nevada limited Liability Company; UNITED STATES DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE;<br><br>　　　　　　Defendants.<br>_____/ | Case No. 3:13-CV-00511-RCJ-VPC<br><br>**ANSWER TO COMPLAINT FOR INTERPLEADER** |

COMES NOW, Interpleader-Defendants, EUGENE CLEVELAND CANEPA, individually, and WESTERN PROPERTIES OF NEVADA, LLC, a Nevada Limited Liability Company, by and through their attorneys, Stephanie Rice, Esq. and Del Hardy of Hardy Law Group, and in answer to Interpleader-Plaintiff's Complaint in Interpleader, answers the Complaint in Interpleader and responds as follows:

### PARTIES

1.　　Interpleader-Defendants admits that Naples Polaris is a Nevada Limited Liability Company, but is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph 1 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

2. Interpleader-Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 2 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

3. Interpleader-Defendants admit the allegations contained in Paragraph 3 of Interpleader-Plaintiff's Complaint.

4. Interpleader-Defendants admit that Western Properties of Nevada, LLC is a Nevada Limited Liability Company, but is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph 4 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

5. Interpleader-Defendants admit that the IRS is the United States agency responsible for tax collection, but is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph 5 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

## JURISDICTION AND VENUE

6. Interpleader-Defendants admit that Naples Polaris possesses $300,000, and admits that Interpleader-Defendants are entitled to the entire $300,000. With respect to the balance of the allegations contained in paragraph 6, Interpleader-Defendants are without sufficient information to admit or deny the allegations contained in that paragraph, and therefore deny the same and demand strict proof of the same.

7. Interpleader-Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 7 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

8. Interpleader-Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 8 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

9. Interpleader-Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 9 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

**CAUSE OF ACTION IN INTERPLEADER**

10. Interpleader-Defendants admit the allegations contained in Paragraph 9 of Interpleader-Plaintiff's Complaint.

11. Interpleader-Defendants admit the Bankruptcy Court order confirmed a settlement on August 27, 2008, but is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph 11 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

12. Interpleader-Defendants admits the settlement agreement was executed by "Western Properties of Nevada , LLC", and that "Western Properties, LLC a Nevada limited liability company" is referenced in the settlement agreement. Interpleader-Defendants are without sufficient information to admit or deny the remainder of the allegations contained in Paragraph 12 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

13. Interpleader-Defendants admit that Mr. Canepa filed proofs of claim for "Western Properties, LLC", but are without sufficient information to admit or deny the allegations contained in Paragraph 13 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

14. Interpleader-Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 14 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

15. Interpleader-Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 15 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

16. Interpleader-Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 16 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

17. Interpleader-Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 17 of Interpleader-Plaintiff's Complaint, and therefore deny

and demand strict proof of the same.

18. Interpleader-Defendants admit that Western Properties of Nevada, LLC is entitled to the full distribution from the 2009 case and judgment, and is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph 18 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

19. Interpleader-Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 19 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

20. Interpleader-Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 20 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

21. Interpleader-Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 21 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

22. Interpleader-Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 22 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

23. Interpleader-Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 23 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

24. Interpleader-Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 24 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

25. Interpleader-Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 25 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

26. Interpleader-Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 26 of Interpleader-Plaintiff's Complaint, and therefore deny

and demand strict proof of the same.

27. Interpleader-Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 27 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

28. Interpleader-Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 28 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

29. Interpleader-Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 29 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

30. Interpleader-Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 30 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

31. Interpleader-Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 31 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

32. Interpleader-Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 32 of Interpleader-Plaintiff's Complaint, and therefore deny and demand strict proof of the same.

///

///

///

///

///

///

///

WHEREFORE, Interpleader-Defendants, EUGENE CLEVELAND CANEPA, individually, and WESTERN PROPERTIES OF NEVADA, LLC, a Nevada Limited Liability Company, by counsel, respectfully request that this honorable court enter Judgment in their favor and against Interpleader-Plaintiff and all other Interpleader-Defendants, and in so doing compel payment of the entirety of the proceeds to Interpleader-Defendants, EUGENE CLEVELAND CANEPA, individually, and WESTERN PROPERTIES OF NEVADA, LLC, a Nevada Limited Liability Company, and request any and all other relief that this honorable court finds just and proper.

DATED: October 23, 2013

Respectfully submitted,

*[signature]*

STEPHANIE RICE, ESQ.
DEL HARDY, ESQ.
*Attorneys for Interpleader-Defendants*
Eugene Cleveland Canepa, and
Western Properties of Nevada, LLC

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of HARDY LAW GROUP, 96 & 98 Winter Street, Reno, Nevada 89503, and that on this date I served the foregoing document(s) described as **ANSWER TO COMPLAINT FOR INTERPLEADER** on all parties to this action by:

__X__  Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage paid, following ordinary business practices.

_____  Personal Delivery

_____  Facsimile (FAX)

_____  Federal Express or other overnight delivery

_____  Messenger Service

_____  Certified Mail with Return Receipt Requested

__X__  Electronically filed

addressed as follows:

Timothy A. Lukas, Esq.
Tamara Reid, Esq.
Holland & Hart, LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
TLUKAS@HOLLANDHART.COM
TREID@HOLLANDHART.COM
Fax: 775-786-6179

## AFFIRMATION

Pursuant to NRS 239B.030, the undersigned does hereby affirm that the proceeding document and attached exhibits, if any, do not contain the Social Security Number of any person.

DATED this 24th day of October 2013.

_____
AN EMPLOYEE OF HARDY LAW GROUP