# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| NAPLES POLARIS, LLC, | ) | |
|       Plaintiff, | ) | |
| | ) | 3:13-cv-00511-RCJ-VPC |
| vs. | ) | |
| | ) | |
| VAL PETERSON et al., | ) | **ORDER** |
| | ) | |
|       Defendants. | ) | |

This Rule 22 interpleader action arises out of confusion concerning the proper claimant to $300,000 held by Plaintiff. Pending before the Court is a Motion to Intervene (ECF No. 19). For the reasons given herein, the Court grants the motion.

## I.  FACTS AND PROCEDURAL HISTORY

On September 8, 2008, the bankruptcy court of this District approved a settlement agreement ("SA") in Case No. 07-bk-51126. (*See* Compl. ¶ 10, Sept. 17, 2013; Order 5:10–11, Sept. 8, 2008, ECF No. 1, at 8; SA, Aug. 27, 2008, ECF No. 1, at 23). The SA provided in relevant part that the trustee was to assign certain of the debtor's civil claims (the "Assigned Claims") to Plaintiff in the present action, Naples Polaris, LLC ("Naples"), and that Naples could pursue those claims at its discretion so long as certain other parties were appraised of the litigation and any settlement offers. (*See* SA 12–13). Naples contemporaneously granted an entity identified in the relevant section of the SA only as "Western" a contingent security interest in the first $300,000 of any amount recovered under the Assigned Claims after allowance for fees and costs related to their prosecution. (*See id.* 14). Naples recovered approximately $2.5 million

on the Assigned Claims in state court, and upon the Nevada Supreme Court's affirmation and remittitur the state district court released to Naples the supersedeas bonds Defendants had posted. (*See* Compl. ¶¶ 15–16). Naples therefore is now in possession of $300,000 to which "Western" is entitled. (*Id.* ¶ 14). However, Naples is uncertain to whom it should distribute the funds because of, *inter alia*, confusion over corporate names and corporate status. (*See id.* ¶¶ 17–28).

   Naples therefore filed the present Rule 22 interpleader action in this Court, naming four Defendants-in-Interpleader: (1) Val Peterson; (2) Eugene Cleveland Canepa; (3) Western Properties of Nevada, LLC; and (4) the United States Department of the Treasury, Internal Revenue Service ("IRS"). The first page of the SA indicates that "Western" refers to "Western Properties, LLC," and the SA appears to use the abbreviation "Western" thereafter. Naples notes that only Western Properties of Nevada, LLC made an appearance in the bankruptcy case, however, and the SA is signed on behalf of "Western Properties of Nevada." Canepa is the principal of Western Properties of Nevada, LLC, and he filed proofs of claim in the name "Western Properties, LLC." The Secretary of State's website indicates that there are business entities named "Western Properties LLC," "Western Properties, LLC," and "Western Properties of Nevada, LLC." The first entity has been dissolved but previously had a single manager, The Revocable Trust of Michelle M. Mayne. The second entity is active, with managers Brian and Sandra Kazarian. The third entity is revoked, with previous managers Canepa and Peterson. It appears that the third entity is the one involved in the bankruptcy proceedings and the SA based upon Canepa's and Peterson's separate mention in the SA and lack of any reference to the members of the other closely named entities. The reference to "Western Properties, LLC" in the SA was likely an unfortunate, though minor, error that has resulted in confusion only because of the generic name of the entity. However, Western Properties of Nevada, LLC's revoked status still makes it unclear to Naples to whom the proceeds should be distributed. (*See id.* ¶ 29). Finally, Naples notes that it is aware of a federal tax lien against Canepa, so it has named the IRS

as a Defendant-in-Interpleader, as well. (*See id.* ¶ 28). Oscar Renteria, Denise Renteria, and The Renteria Family Trust have now moved to intervene as of right under Rule 24(a). No party has timely objected.

## II.  LEGAL STANDARDS

On timely motion, the court must permit anyone to intervene who:

> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(1)–(2).

## III.  ANALYSIS

Intervenors argue that because Western Properties of Nevada, LLC ("Western") has been in revoked status since January 31, 2009, its managers or members hold its assets in trust as a matter of law. *See* Nev. Rev. Stat. § 86.274(5) ("If the charter of a limited-liability company is revoked and the right to transact business is forfeited, all of the property and assets of the defaulting company must be held in trust by the managers or, if none, by the members of the company . . . ."). Moreover, Intervenors argue that they were the payees on five promissory notes made by Canepa, that they have received a judgment of $998,870.27 in their favor based upon nonpayment of those notes in a separate action in this Court, Case No. 3:11-cv-534, and that the judgment remains totally unsatisfied. Intervenors also correctly note that in the '534 Case the Court entered a charging order against Canepa, charging his membership interest in Western (as well as his stock in two other companies) for the full amount of the judgment under NRS sections 78.746 and 86.401. The Court rejected Canepa's argument that the IRS tax lien against him prevent the charging order under state law, noting that it was for the IRS or other entities to litigate priority to the assets if they wished to. The Court agrees that Intervenors claim an interest

in the common fund such that disposing of the action will impair or impede their ability to protect their interests therein, and that existing parties will not adequately protect Intervenors' interest.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Intervene (ECF No. 19) is GRANTED.

IT IS SO ORDERED.

Dated this 10th day of January, 2014.

_____
ROBERT C. JONES
United States District Judge