UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NAPLES POLARIS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:13-cv-00511-RCJ-VPC |
| vs. ) | |
| ) | |
| VAL PETERSON et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

    This Rule 22 interpleader action arises out of confusion concerning the proper claimant to $300,000 held by Plaintiff. On September 8, 2008, the bankruptcy court of this District approved a settlement agreement ("SA") in Case No. 07-bk-51126. (*See* Compl. ¶ 10, Sept. 17, 2013; Order 5:10–11, Sept. 8, 2008, ECF No. 1, at 8; SA, Aug. 27, 2008, ECF No. 1, at 23). The SA provided in relevant part that the trustee was to assign certain of the debtor's civil claims (the "Assigned Claims") to Plaintiff in the present action, Naples Polaris, LLC ("Naples"), and that Naples could pursue those claims at its discretion so long as certain other parties were appraised of the litigation and any settlement offers. (*See* SA 12–13). Naples contemporaneously granted an entity identified in the relevant section of the SA only as "Western" a contingent security interest in the first $300,000 of any amount recovered under the Assigned Claims after allowance for fees and costs related to their prosecution. (*See id.* 14). Naples recovered approximately $2.5 million on the Assigned Claims in state court, and upon the Nevada Supreme Court's affirmation and remittitur the state district court released to Naples the supersedeas bonds Defendants had posted. (*See* Compl. ¶¶ 15–16). Naples is now in possession of $300,000 to which "Western" is

1    entitled. (*Id.* ¶ 14).  However, Naples is uncertain to whom it should distribute the funds because
2    of, *inter alia*, confusion over corporate names and corporate status. (*See id.* ¶¶ 17–28).
3        Naples therefore filed the present Rule 22 interpleader action in this Court, naming four
4    Defendants-in-Interpleader: (1) Val Peterson; (2) Eugene Cleveland Canepa; (3) Western
5    Properties of Nevada, LLC; and (4) the United States Department of the Treasury, Internal
6    Revenue Service ("IRS").  The first page of the SA indicates that "Western" refers to "Western
7    Properties, LLC," and the SA appears to use the abbreviation "Western" thereafter.  Naples notes
8    that only Western Properties of Nevada, LLC made an appearance in the bankruptcy case,
9    however, and the SA is signed on behalf of "Western Properties of Nevada."  Canepa is the
10   principal of Western Properties of Nevada, LLC, and he filed proofs of claim in the name
11   "Western Properties, LLC."  The Secretary of State's website indicates that there are business
12   entities named "Western Properties LLC," "Western Properties, LLC," and "Western Properties
13   of Nevada, LLC."  The first entity has been dissolved but previously had a single manager, The
14   Revocable Trust of Michelle M. Mayne.  The second entity is active, with managers Brian and
15   Sandra Kazarian.  The third entity is revoked, with previous managers Canepa and Peterson.  It
16   appears that the third entity is the one involved in the bankruptcy proceedings and the SA based
17   upon Canepa's and Peterson's separate mention in the SA and lack of any reference to the
18   members of the other closely named entities.  The reference to "Western Properties, LLC" in the
19   SA was likely an unfortunate, though minor, error that has resulted in confusion only because of
20   the generic name of the entity.  However, Western Properties of Nevada, LLC's revoked status
21   still makes it unclear to Naples to whom the proceeds should be distributed. (*See id.* ¶ 29).
22   Finally, Naples notes that it is aware of a federal tax lien against Canepa, so it has named the IRS
23   as a Defendant-in-Interpleader, as well. (*See id.* ¶ 28).
24       Oscar Renteria, Denise Renteria, and The Renteria Family Trust moved to intervene as of
25   right under Rule 24(a).  No party timely objected, and the Court granted the motion.  Plaintiff has

now moved for a discharge under 28 U.S.C. § 2361.  No party has timely objected.  The Court therefore grants the motion.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Discharge (ECF No. 30) is GRANTED.

IT IS FURTHER ORDERED that by depositing the funds of $300,000 with this Court, Naples Polaris, LLC is DISCHARGED under 28 U.S.C. § 2361 from all liability to any and all parties or claimants with respect to those funds under the Settlement Agreement, and that Defendants are enjoined from instituting or prosecuting any proceeding in any State or United States court affecting the funds.

IT IS FURTHER ORDERED that Naples Polaris, LLC is DISMISSED from this action.

IT IS SO ORDERED.

Dated this 24th day of March, 2014.

_____
ROBERT C. JONES
United States District Judge