**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NAPLES POLARIS, LLC, ) <br> ) <br> Plaintiff, ) <br> )     3:13-cv-00511-RCJ-VPC <br> vs. ) <br> ) <br> VAL PETERSON et al., )     **ORDER** <br> ) <br> Defendants. ) <br> ) | |

     This Rule 22 interpleader action arises out of confusion concerning the proper claimant to $300,000 held by Plaintiff. On September 8, 2008, the bankruptcy court of this District approved a settlement agreement ("SA") in Case No. 07-bk-51126. (*See* Compl. ¶ 10, Sept. 17, 2013; Order 5:10–11, Sept. 8, 2008, ECF No. 1, at 8; SA, Aug. 27, 2008, ECF No. 1, at 23). The SA provided in relevant part that the trustee was to assign certain of the debtor's civil claims (the "Assigned Claims") to Plaintiff in the present action, Naples Polaris, LLC ("Naples"), and that Naples could pursue those claims at its discretion so long as certain other parties were appraised of the litigation and any settlement offers. (*See* SA 12–13). Naples contemporaneously granted an entity identified in the relevant section of the SA only as "Western" a contingent security interest in the first $300,000 of any amount recovered under the Assigned Claims after allowance for fees and costs related to their prosecution. (*See id.* 14). Naples recovered approximately $2.5 million on the Assigned Claims in state court, and upon the Nevada Supreme Court's affirmation and remittitur the state district court released to Naples the supersedeas bonds Defendants had posted. (*See* Compl. ¶¶ 15–16). Naples is now in possession of $300,000 to which "Western" is

entitled. (*Id.* ¶ 14). However, Naples is uncertain to whom it should distribute the funds because of, *inter alia*, confusion over corporate names and corporate status. (*See id.* ¶¶ 17–28).

Naples therefore filed the present Rule 22 interpleader action in this Court, naming four Defendants-in-Interpleader: (1) Val Peterson; (2) Eugene Cleveland Canepa; (3) Western Properties of Nevada, LLC; and (4) the United States Department of the Treasury, Internal Revenue Service ("IRS"). The first page of the SA indicates that "Western" refers to "Western Properties, LLC," and the SA appears to use the abbreviation "Western" thereafter. Naples notes that only Western Properties of Nevada, LLC made an appearance in the bankruptcy case, however, and the SA is signed on behalf of "Western Properties of Nevada." Canepa is the principal of Western Properties of Nevada, LLC, and he filed proofs of claim in the name "Western Properties, LLC." The Secretary of State's website indicates that there are business entities named "Western Properties LLC," "Western Properties, LLC," and "Western Properties of Nevada, LLC." The first entity has been dissolved but previously had a single manager, The Revocable Trust of Michelle M. Mayne. The second entity is active, with managers Brian and Sandra Kazarian. The third entity is revoked, with previous managers Canepa and Peterson. It appears that the third entity is the one involved in the bankruptcy proceedings and the SA based upon Canepa's and Peterson's separate mention in the SA and lack of any reference to the members of the other closely named entities. The reference to "Western Properties, LLC" in the SA was likely an unfortunate, though minor, error that has resulted in confusion only because of the generic name of the entity. However, Western Properties of Nevada, LLC's revoked status still makes it unclear to Naples to whom the proceeds should be distributed. (*See id.* ¶ 29). Finally, Naples notes that it is aware of a federal tax lien against Canepa, so it has named the IRS as a Defendant-in-Interpleader, as well. (*See id.* ¶ 28).

Oscar Renteria, Denise Renteria, and The Renteria Family Trust moved to intervene as of right under Rule 24(a). No party timely objected, and the Court granted the motion. Plaintiff has

1  now moved for a discharge under 28 U.S.C. § 2361.  No party has timely objected.  The Court
2  therefore grants the motion.

## CONCLUSION

4      IT IS HEREBY ORDERED that the Motion for Discharge (ECF No. 30) is GRANTED.

5      IT IS FURTHER ORDERED that by depositing the funds of $300,000 with this Court,
6  Naples Polaris, LLC is DISCHARGED under 28 U.S.C. § 2361 from all liability to any and all
7  parties or claimants with respect to those funds under the Settlement Agreement, and that
8  Defendants are enjoined from instituting or prosecuting any proceeding in any State or United
9  States court affecting the funds.

10      IT IS FURTHER ORDERED that Naples Polaris, LLC is DISMISSED from this action.

11      IT IS SO ORDERED.

12  Dated this 24th day of March, 2014.

                                                      _____
                                                          ROBERT C. JONES
                                                        United States District Judge