UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NAPLES POLARIS, LLC,          )<br>                                                     )<br>                   Plaintiff,         )<br>                                                     )          3:13-cv-00511-RCJ-VPC<br>         vs.                                  )<br>                                                     )<br>VAL PETERSON et al.,             )          **ORDER**<br>                                                     )<br>                   Defendants.      )<br>                                                     ) | |

     This Rule 22 interpleader action arises out of confusion concerning the proper claimant to $300,000 held by Plaintiff. On September 8, 2008, the bankruptcy court of this District approved a settlement agreement ("SA") in Case No. 07-bk-51126. (*See* Compl. ¶ 10, Sept. 17, 2013; Order 5:10–11, Sept. 8, 2008, ECF No. 1, at 8; SA, Aug. 27, 2008, ECF No. 1, at 23). The SA provided in relevant part that the trustee was to assign certain of the debtor's civil claims (the "Assigned Claims") to Plaintiff in the present action, Naples Polaris, LLC ("Naples"), and that Naples could pursue those claims at its discretion so long as certain other parties were appraised of the litigation and any settlement offers. (*See* SA 12–13). Naples contemporaneously granted an entity identified in the relevant section of the SA only as "Western" a contingent security interest in the first $300,000 of any amount recovered under the Assigned Claims after allowance for fees and costs related to their prosecution. (*See id.* 14). Naples recovered approximately $2.5 million on the Assigned Claims in state court, and upon the Nevada Supreme Court's affirmation and remittitur the state district court released to Naples the supersedeas bonds Defendants had posted. (*See* Compl. ¶¶ 15–16). Naples is now in possession of $300,000 to which "Western" is

1  entitled. (*Id.* ¶ 14). However, Naples is uncertain to whom it should distribute the funds because

2  of, *inter alia*, confusion over corporate names and corporate status. (*See id.* ¶¶ 17–28).

3        Naples therefore filed the present Rule 22 interpleader action in this Court, naming four

4  Defendants-in-Interpleader: (1) Val Peterson; (2) Eugene Cleveland Canepa; (3) Western

5  Properties of Nevada, LLC; and (4) the United States Department of the Treasury, Internal

6  Revenue Service ("IRS"). The first page of the SA indicates that "Western" refers to "Western

7  Properties, LLC," and the SA appears to use the abbreviation "Western" thereafter. Naples notes

8  that only Western Properties of Nevada, LLC made an appearance in the bankruptcy case,

9  however, and the SA is signed on behalf of "Western Properties of Nevada." Canepa is the

10 principal of Western Properties of Nevada, LLC, and he filed proofs of claim in the name

11 "Western Properties, LLC." The Secretary of State's website indicates that there are business

12 entities named "Western Properties LLC," "Western Properties, LLC," and "Western Properties

13 of Nevada, LLC." The first entity has been dissolved but previously had a single manager, The

14 Revocable Trust of Michelle M. Mayne. The second entity is active, with managers Brian and

15 Sandra Kazarian. The third entity is revoked, with previous managers Canepa and Peterson. It

16 appears that the third entity is the one involved in the bankruptcy proceedings and the SA based

17 upon Canepa's and Peterson's separate mention in the SA and lack of any reference to the

18 members of the other closely named entities. The reference to "Western Properties, LLC" in the

19 SA was likely an unfortunate, though minor, error that has resulted in confusion only because of

20 the generic name of the entity. However, Western Properties of Nevada, LLC's revoked status

21 still makes it unclear to Naples to whom the proceeds should be distributed. (*See id.* ¶ 29).

22 Finally, Naples notes that it is aware of a federal tax lien against Canepa, so it has named the IRS

23 as a Defendant-in-Interpleader, as well. (*See id.* ¶ 28).

24       The Court has disbursed a small portion of the res, but most of it remains in the custody

25 of the Court. Canepa has asked the Court to grant him summary judgment to the effect that

under Nevada law, as between Canepa and Peterson, Canepa has the right to 95.83% of the proceeds to which Western would be entitled if not defunct, and that Peterson is entitled to 4.166% of those proceeds. He does not ask the Court to adjudicate the res as against the remaining claim of the IRS or to disburse any funds at this time. Intervenors Denise Renteria, Oscar Renteria, and the Renteria Family Trust have joined the motion. Peterson has not timely responded.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 54) is GRANTED. As between the successor in interest to Western Properties of Nevada, LLC, Eugene Cleveland Canepa holds a 95.83 % interest, and Val Peterson holds a 4.166% interest.

IT IS SO ORDERED.

Dated: This 16th day of September, 2014.

_____
ROBERT C. JONES
United States District Judge